NO. 12-03-00085-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GERALD MORRIS,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW


FLOYD MORRIS AND SUE MORRIS,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Gerald Morris ("Appellant") appeals the trial court's order granting a new trial and
dismissing his appeal for want of jurisdiction. Appellant raises two issues on appeal. We vacate the
trial court's order.


Background

 Appellant filed a forcible entry and detainer action against Floyd Morris and Sue Morris
("Appellees") in the justice court of Anderson County, Precinct 2. Appellees answered, alleging that
Appellant was not the owner of the property in question, but rather that Appellees and their
predecessors in title had claimed ownership of the property in question for over fifty years. (1) The
justice court held a hearing on the matter, after which it dismissed Appellant's case for want of
jurisdiction.

 Appellant appealed the matter to the county court at law. The court found in favor of
Appellant and signed a final judgment on December 19, 2002. Appellees filed a motion for new trial
on December 23, 2002. The trial court overruled Appellees' motion for new trial by order signed
on December 31, 2002. (2) On January 2, 2003, Appellees filed a motion for hearing and new trial. 
Appellant objected to the timeliness of the filing of the motion, but the trial court overruled
Appellant's objection. On February 18, 2003, the trial court signed an order granting Appellees'
motion for new trial and, on its own motion, dismissed the case for want of jurisdiction. This appeal
followed.


Timeliness of Motion for New Trial and Plenary Power

 In his first issue, Appellant argues that the trial court erred by not dismissing Appellees'
second motion for new trial as untimely filed. The last day a party may file an amended or
supplemental motion for new trial is thirty days from the date the judgment is signed. See Bell v.
Showa Denko K.K., 899 S.W.2d 749, 757 (Tex. App.-Amarillo 1995, writ denied). With leave of
court, a party may amend a motion for new trial within thirty days after the judgment is signed, even
if the trial court has already overruled an earlier motion for new trial. See Tex. R. Civ. P. 329b(b);
see also Cecil v. Smith, 804 S.W.2d 509, 511 (Tex. 1991). Here, since Appellees' second motion
for new trial was filed within thirty days from the date the judgment was signed, the trial court could
consider it. Appellant's first issue is overruled.

 However, even had the second motion for new trial not been filed timely, our review of the
record indicates that Appellees' first motion for new trial was timely. If a motion for new trial is
timely filed by any party, the trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment until thirty days after all such timely-filed motions are overruled. 
See Tex. R. Civ. P. 329b(e). Indeed, even though the trial court cannot extend time to file the motion
for new trial, it may grant a new trial on the grounds stated in a late motion filed before the court
loses plenary power. See Moritz v. Preiss, 46 Tex. Sup. Ct. J. 784, 2003 Tex. LEXIS 77, *11 (Tex.
2003). Thus, irrespective of whether Appellees' second motion for new trial was timely filed, the
trial court still retained plenary power to grant a new trial for only thirty days after it overruled
Appellees' first motion for new trial. See id.; Tex. R. Civ. P. 329b(e). In this case, the trial court's
plenary power ended January 30, 2003. Therefore, the trial court acted outside of its plenary power
when it granted the second motion for new trial on February 18, 2003. Consequently, we hold that
the trial court's order of February 18, 2003 is void. See State ex. rel Latty v. Owens, 907 S.W.2d
484, 486 (Tex. 1995); see also Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990); In the
Interest of T.G., 68 S.W.3d 171, 177 (Tex. App.-Houston [1st Dist.] 2002, pet. denied).


Conclusion

 Since the trial court's order dated February 18, 2003 is void, the appeal of that order is moot.
As such, we need not address Appellant's second issue. Therefore, we vacate the trial court's order 
dated February 18, 2003 and dismiss the appeal.



 DIANE DEVASTO 

 Justice



Opinion delivered December 3, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(PUBLISH)
1. Incidentally, the property in question was the subject of a trespass to try title suit involving the same
parties as the instant matter. When the trial court signed an order granting a temporary injunction, the matter was
appealed to this court. We reversed and remanded the matter to the trial court. See Morris v. Morris, No. 12-86-0036-CV (Tex. App.-Tyler March 16, 1987) (not designated for publication). 
2. On January 1, 2003, a new judge began presiding over the county court at law for Anderson County.