Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion issued February
16, 2006






 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00430-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



AUBREY R. JEFFERSON, Appellant

 

V.

 

WILLIAM THOMAS MOORE, Appellee

 

 



On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 776383

 








 

 



MEMORANDUM OPINION

 

          After
a bench trial in this automobile accident case, the trial court rendered
judgment in favor of appellee, William Thomas Moore.  Appellant, Aubrey R. Jefferson, contends there
is no evidence to support the trial court’s finding that he was negligent, or
in the alternative, the evidence is legally and factually insufficient to prove
that he was negligent and that Moore suffered bodily injury as a result.  We conclude that the appeal is untimely and
therefore dismiss for lack of jurisdiction.

Background

          Jefferson and Moore were involved in
an automobile accident in 2000.  Moore subsequently
sued Jefferson, alleging that he had negligently failed to yield the right of
way.  Moore also sued Francis Bedford,
the owner of the vehicle driven by Jefferson, for negligent entrustment.  Moore never attempted to serve Bedford, and
no pleadings were filed on her behalf.

          The
trial court conducted a bench trial in July 2003.  Moore and Jefferson both testified at the
trial; neither party made mention of Bedford. 
At the conclusion of the parties’ testimony, the trial court stated,
“Well, based on the testimony and evidence, I’m going to award judgment in
favor of the Plaintiff for $15,000. 
Entry of judgment will be in 30 days.”

          On
January 21, 2004, the trial court signed a final judgment against Jefferson in
the amount of $15,000 plus interest. 
More than one year later, on April 6, 2005, Jefferson filed a motion for
judgment asking that the trial court render a take-nothing judgment against
Moore, a motion for new trial, and a motion to declare the January 21, 2004
final judgment to be interlocutory. 
Moore responded two days later with a motion for judgment nunc pro
tunc.  The motion states that due to
a clerical error, the January 21, 2004 final judgment incorrectly omits a
paragraph nonsuiting Moore’s claims against Bedford.  The trial court granted Moore’s motion for
judgment nunc pro tunc on April 12, 2005.  Jefferson subsequently filed a second motion
for new trial, a second motion for judgment, and a request for findings of fact
and conclusions of law.  The trial court
did not rule on Jefferson’s motions nor issue findings of fact and conclusions
of law.  Jefferson filed a notice of appeal
on April 22, 2005.

Analysis

          As
a threshold matter, we must determine whether Jefferson’s appeal is
timely.  Moore asserts that the January
21, 2004 judgment is the final judgment in the case and therefore Jefferson’s
notice of appeal, filed more than one year later, is untimely.  Jefferson responds that the January 21, 2004
judgment is interlocutory in nature because it does not expressly dispose of
Moore’s claims against Bedford.

          The
time for filing a notice of appeal is jurisdictional in nature, and absent a
timely filed notice of appeal or extension request, we must dismiss an appeal for
lack of jurisdiction.  See Tex. R. App. P. 2, 25.1(b), 26.3; see
also Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (discussing timing
requirements for filing notice of appeal). 
Generally, a party must file a notice of appeal within thirty days after
the trial court signs the judgment.[1]  Tex.
R. App. P. 26.1.

          Jefferson
contends the appellate timetable did not start running when the trial court
signed the January 21, 2004 judgment because it does not dispose of Moore’s
claims against Bedford and therefore is interlocutory rather than final.  The Texas Supreme Court recently considered
this issue and stated as follows:

This Court has long recognized a presumption of
finality for judgments that follow a trial on the merits: “When a judgment, not
intrinsically interlocutory in character, is rendered and entered in a case
regularly set for a conventional trial on the merits, no order for a separate
trial of issues having been entered pursuant to [our procedural rules,] it will
be presumed for appeal purposes that the Court intended to, and did, dispose of
all parties legally before it and of all issues made by the pleadings between
such parties.”

 

Moritz v. Preiss, 121 S.W.3d 715, 718–19 (Tex. 2003)
(quoting N.E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897 (Tex.
1966)).  In Moritz, the plaintiff
had sued several healthcare providers, including Central Texas Kidney
Associates, P.A. (“CTKA”), for medical malpractice.  Id. at 717.  After a full trial on the merits, the jury
returned a take-nothing verdict.  Id.  The trial court subsequently rendered a judgment
on the verdict, in which it named each defendant except for CTKA.  Id. 
At the request of CTKA’s attorney, the plaintiff prepared and executed a
notice of nonsuit for CTKA.  Id.  After discovering that the nonsuit had not
been filed with the trial court, the plaintiff filed a “Motion to Vacate
Interlocutory Order and Enter Final Judgment” in which he asserted that the
trial court’s original judgment was interlocutory because it did not expressly
dispose of CTKA.  Id.  The trial court denied the motion and the
plaintiff appealed.  Id.

          The Texas Supreme Court held that the
trial court’s original judgment was final, even though it did not expressly
dispose of the plaintiff’s claims against CTKA, because there was “nothing to
indicate that the trial court did not intend to finally dispose of the entire
case.”  Id. at 719.  The court noted that the plaintiff did not
request, and the trial court did not enter, any orders for a separate trial
against CTKA.  Id.  Nor did the plaintiff request that the trial
court submit a jury question on CTKA’s liability.  Id. 
The trial court did not submit such a question, and the plaintiff did
not object to the charge submitted.  Id.  The Texas Supreme Court therefore determined
that the finality presumption was “entirely appropriate.”  Id. (internal quotation marks omitted);
see also John v. Marshall Health Servs., Inc., 58 S.W.3d 738, 740 (Tex.
2001) (holding that, although judgment did not expressly dispose of all
parties, finality presumption nonetheless applied to all parties, including
defendants not named in judgment, because plaintiff did not move for separate
trials and instead proceeded to trial against certain defendants only).

          We
likewise hold that the finality presumption is appropriate in this case.  As in Moritz, there is nothing in the
record to indicate that the trial court did not intend to finally dispose of
the entire case when it entered the January 21, 2004 judgment.  The judgment followed a full trial on the
merits at which there was no mention of Moore’s claims against Bedford.  Moore did not request, and the trial court
did not enter, any orders for a separate trial against Bedford.  Nor did Moore ask the trial court to render
judgment on his claims against Bedford. 
In fact, Moore had never served Bedford, nothing in the record indicates
that he ever intended to serve her, and Bedford never filed any pleadings or motions.  See M.O. Dental Lab v. Rape, 139
S.W.3d 671, 673 (Tex. 2004) (holding judgment that disposed of all named
parties except one who had never been served was final for purposes of appeal
based on record revealing (1) unserved party never filed any motions or
pleadings and (2) plaintiff had no intention to serve unserved party); Galley
v. Apollo Associated Servs., 177 S.W.3d 523, 526 n.1 (Tex. App.—Houston
[1st Dist.] 2005, no pet.) (same).  We
therefore conclude that the trial court’s January 21, 2004 judgment is the
final judgment in the case.  As Jefferson
did not file his notice of appeal until April 22, 2005—a full fifteen months
after the trial court signed the judgment—we lack jurisdiction to review that
judgment.

          Jefferson
also appears to contend that this appeal arises not from the January 21, 2004
judgment, but rather from the April 12, 2005 judgment nunc pro tunc.  Jefferson thereby insinuates that his appeal,
filed on April 22, 2005, is timely.

          A
judgment nunc pro tunc, which may be entered even after the expiration
of a trial court’s plenary power, may only be used to correct clerical errors
in a judgment.  Tex. R. Civ. P. 316, 329b(f); Escobar v. Escobar, 711
S.W.2d 230, 231 (Tex. 1986).  A clerical
error is a discrepancy between the entry of a judgment in the record and the
judgment the trial court actually rendered. 
Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986).  A trial court may only correct nunc pro
tunc the entry of a final written judgment that incorrectly states the
judgment actually rendered.  Escobar,
711 S.W.2d at 231–32.  Here, although the
judgment nunc pro tunc purports to correct a “clerical error,” the
January 21, 2004 final written judgment does not incorrectly state the judgment
actually rendered.  Thus, the judgment nunc
pro tunc is void because it was entered outside the trial court’s plenary
power.  See Tex. R. Civ. P. 329b(d) (trial court
has plenary power to vacate, modify, correct, or reform judgment within thirty
days after judgment is signed); Dikeman v. Snell, 490 S.W.2d 183, 186
(Tex. 1973) (if trial court corrects judicial error after its plenary power has
expired, then corrected judgment is void).

Conclusion

          We
conclude that Jefferson failed to timely file his notice of appeal.  We therefore dismiss the appeal for lack of
jurisdiction.

 

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.











[1] If a party timely moves for a new trial, to modify or
reinstate the judgment, or requests findings of fact and conclusions of law
following a bench trial, the time to file an appeal extends to ninety days
after the trial court signs the judgment. 
See Tex. R. App. P. 26.1(a)(1)–(4).