Opinion filed August 31, 2006


















 
 
  
 
 







 
 
  
 
 




Opinion filed August 31, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00063-CV 

                                                    __________

 

    PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellant

 

                                                             V.

 

   JOHN ARRELL
ROBERSON AND JOHN HARRIS ROBERSON, Appellees

 



 

                                        On
Appeal from the County Court at Law

                                                          Waller County, Texas

                                                   Trial
Court Cause No. C00-53

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This action stems from an insurance carrier=s denial of a claim involving a
one-vehicle accident that occurred in 1996. 
Plaintiffs, John Arrell Roberson (Johnny) and John Harris Roberson,
brought suit alleging various causes of action against Progressive County
Mutual Insurance Company and others who are not parties to this appeal.  The only cause of action tried to the jury
was breach of contract.[1]  The main issue at trial was whether the
policy went into effect before Johnny wrecked his pickup.  The jury found in favor of the Robersons and
awarded damages totaling $22,518 plus interest and attorney=s fees. 
Progressive appeals.  We affirm in
part and reverse and render in part.  

Progressive asserts four issues on appeal.  In its first issue, Progressive contends that
the trial court erred in submitting a jury question on attorney=s fees because the Robersons= attorney was not timely designated as
an expert.  In the second issue,
Progressive complains of the submission of a jury question regarding personal
injury protection because there was no testimony as to loss of employment or
medical expenses as a result of any injury. 
In the third issue, Progressive asserts, AThe
jury=s finding
of entitlement to personal injury protection benefits was contrary to the
greater weight of the evidence.@  In the fourth issue, Progressive argues that
the trial court erred in denying Progressive=s
motion for new trial, which was based upon newly discovered evidence.  

                                  Failure
to Timely Designate Expert on Attorney=s
Fees

Progressive=s
first issue addresses the propriety of the submission of a jury question asking
the jury to award attorney=s
fees to the Robersons because their attorney was not timely designated as an
expert witness.  We apply the abuse of
discretion standard in reviewing a trial court=s
decision to give or refuse a jury instruction. 
Wal‑Mart Stores, Inc. v. Johnson, 106 S.W.3d 718, 719 (Tex. 2003); McMillin,
180 S.W.3d at 199.  A trial court abuses
its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles. 
Walker v. Gutierrez, 111
S.W.3d 56, 62 (Tex. 2003); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).

When the Robersons=
attorney, Randy Clapp, called himself to testify, Progressive objected as
follows:

Judge, I think I just need to lodge an objection
about what we discussed earlier outside the presence of the jury.[2]  There was no expert witness designation
within 30 days prior to trial.  I have
received no paperwork or documentation reflecting the amount of the attorney=s fees and for those reasons I think I
need to object to it because it violates the Texas Rules of Civil Procedure and
the disclosures.








The court responded, AOkay.  Thank you.@  Immediately thereafter, Clapp testified
regarding attorney=s fees
and offered an exhibit listing his fees for this case.  Progressive objected to the exhibit on the
same basis as it had objected to Clapp=s
testimony, but the trial court admitted the exhibit into evidence.

The record shows that Progressive objected again
during the jury charge conference. 
Progressive objected to the inclusion in the jury charge of a jury
question concerning attorney=s
fees Afor the
reasons that we discussed earlier, that there was not proper and timely
designation of that particular expert and no supporting documentation provided
even to this day until the document was offered as a piece of evidence to the
Court.@  The trial court overruled Progressive=s objection to the jury charge.

The Robersons assert that Progressive waived this
issue by failing to obtain a pretrial ruling. 
The case relied upon by the Robersons, Remington Arms Co. v. Caldwell, 850 S.W.2d 167 (Tex. 1993), is not applicable to the
situation in this case.  The holding in Remington
dealt with sanctions for discovery disputes that existed before the
commencement of trial.  A pretrial ruling
was not required to preserve Progressive=s
complaint for review.  

The Robersons also point out that Progressive
failed to obtain a ruling on the record when it objected to Clapp=s testimony because the trial court
merely responded, AOkay.  Thank you.@  Pursuant to Tex.
R. App. P. 33.1(a), a complaint is properly preserved for review if (1)
the complaint was made to the trial court by a timely and sufficient request,
objection, or motion and (2) the trial court either Aexpressly
or implicitly@ ruled on
the request, objection, or motion.  It is
clear from the record that Progressive did object to Clapp=s testimony, that the trial court was
aware of the objection and allowed Clapp to proceed, that Progressive objected
to the submission of the jury question regarding attorney=s fees, and that the trial court
overruled Progressive=s
objection to the jury question.  We think
it is apparent from the record that the trial court implicitly overruled
Progressive=s
objection to Clapp=s
testimony.  Thus, the issue was preserved
for review.  








Pursuant to Tex.
R. Civ. P. 195.2, a party seeking affirmative relief is required to
designate their experts by the later of the following two dates:  thirty days after the request is served or
ninety days before the end of the discovery period.  Tex.
R. Civ. P. 193.5 allows a party to amend or supplement its response to a
written discovery request if done Areasonably
promptly@ after
the necessity is discovered.  A
presumption exists that an amended or supplemental response made less than
thirty days before trial was not made reasonably promptly.  Rule 193.5(b).  Clapp was not designated as an expert within
the time frames allowed by the rules. 
The parties stipulated that Progressive sent the Robersons discovery
requests on July 20, 2000; that Clapp substituted in as counsel on June 18,
2003; and that Clapp supplemented discovery and designated himself as an expert
on July 14, 2004.  Trial began on July
26, 2004.

Tex. R.
Civ. P. 193.6 provides that a party may not introduce into evidence the
material or information that was not timely disclosed and may not offer the
testimony of a witness who was not timely designated in response to a discovery
request unless the trial court finds good cause or a lack of unfair surprise or
prejudice.  Such finding of good cause or
lack of unfair surprise or prejudice must be supported by the record.  Rule 193.6(b).  The burden of establishing good cause or the
lack of unfair surprise or prejudice is on the party seeking to call the
witness.  Id. 


The record in this case is devoid of any showing
of good cause or lack of unfair surprise or unfair prejudice.  Nothing in the record shows that the
Robersons even attempted to establish good cause or show that Progressive would
not be surprised or prejudiced by Clapp=s
testimony.  Therefore, we must hold that
the automatic-exclusion sanction of Rule 193.6 was triggered and that the trial
court abused its discretion in allowing Clapp=s
testimony.  See VingCard A.S. v.
Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 856 (Tex. App.CFort Worth 2001, pet. denied).  Since there was no other evidence of attorney=s fees, it was erroneous to submit a
jury question on that issue.  Progressive=s first issue is sustained.  

                                                  Medical
Expenses and Lost Income

In its second and third issues, Progressive
complains of the jury question and the jury award of damages related to Johnny=s medical expenses and lost
income.  Progressive asserts in its
second issue that the trial court erred in submitting a jury question on
damages for lost wages and medical expenses because there was no evidence of
lost wages or medical expenses resulting from a personal injury.  We disagree. 









First, we note that the jury question did not
limit the damages for lost wages to losses resulting from a personal
injury.  The question asked about the
amount of losses or expenses, not to exceed $2,518, incurred by Johnny Aas a result of the accident@ for necessary medical expenses and A80% of loss of income from employment.@ 
The jury awarded the maximum allowed. 
Progressive did not object that the question failed to limit damages to
those resulting from a personal injury. 
Second, we note that Progressive objected at trial to the question at
issue only on the basis that Athere=s been no expert testimony that those
medical services were reasonable and necessary from a qualified medical doctor
or practitioner and, therefore, any question about those are not admissible --
any question about those is improper as far as it goes to the $2,518 they=re seeking.@  Appellant=s
objection at trial, therefore, does not comport with its argument on
appeal.  

An objection to a jury charge Amust point out distinctly the
objectionable matter and the grounds of the objection.@  Tex.
R. Civ. P. 274.  Progressive did
not object to the jury question on the basis argued on appeal.  Consequently, he did not preserve that
complaint for review.  See id.;
Tex. R. App. P. 33.1(a); In re
B.L.D., 113 S.W.3d 340, 349-50 (Tex.
2003).

With respect to Progressive=s
no evidence contention, we find that there was some evidence to support the
submission of the question and the jury=s
answer.  A legal sufficiency challenge
may only be sustained when:  (1) the
record discloses a complete absence of evidence of a vital fact; (2) the court
is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. 
City of Keller v. Wilson,
168 S.W.3d 802, 810 (Tex. 2005); Uniroyal
Goodrich Tire Co. v. Martinez, 977 S.W.2d
328, 334 (Tex.
1998); Robert W. Calvert, ANo
Evidence@ and AInsufficient Evidence@ Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960).  Evidence is legally sufficient if it would enable
reasonable and fair-minded people to reach the verdict under review.  City of Keller, 168 S.W.3d at 827.  We credit favorable evidence if reasonable
jurors could, and we disregard contrary evidence unless jurors could not.  Id.  Furthermore, we must review the sufficiency
of the evidence in light of the charge submitted.  See Bradford v. Vento, 48 S.W.3d 749,
754 (Tex. 2001); Osterberg v. Peca, 12
S.W.3d 31, 54-55 (Tex.
2000).  








The record shows that Johnny testified that he was
Abeat up@
and Asore@ after the accident and that he went to
the Tomball Hospital emergency room.  According to Johnny, the amount of his
deductible for these medical expenses was A[f]ifty,
sixty bucks.@  Johnny testified that he was off work for one
and one-half to two weeks and that he made about $200 per week from the ranch
and an extra $500 to $1,500 per week for hauling hay.  Johnny=s
testimony indicated that he lost A[m]aybe
a thousand bucks@ in
income during the time he was off work.

In addition to the above evidence showing Johnny=s medical expenses and income loss due
to his personal injuries, Johnny brought forth other evidence showing an income
loss of $15,000 to $20,000 over a one-year period because he had no pickup in
which to haul hay.  While we agree that
the damages resulting from Johnny=s
loss of use of his pickup are not damages resulting from a personal injury and
should not have been recoverable under the insurance contract=s personal injury protection, we again
note that the jury question was not limited to those damages resulting from a
personal injury and that the no evidence point must be reviewed in light of the
question actually submitted.  See Bradford, 48 S.W.3d at 754.  Because Progressive failed to preserve for
review its complaint regarding the submission of the jury question and because
there was some evidence to support the submission of the jury question and the
jury=s finding
to that question, we overrule Progressive=s
second issue.  

In its third issue, Progressive complains of the
sufficiency of the evidence in support of the jury=s
award of $2,518 for medical expenses and loss of income.  Progressive argues in this issue that there
was Ano
evidence@ and
that, therefore, the finding is Aso
against [the] great weight and preponderance of [the] evidence as to be clearly
wrong and unjust.@  It is not clear whether Progressive is
attempting to challenge the legal or the factual sufficiency of the
evidence.  To the extent that Progressive=s third issue is a legal sufficiency/no
evidence challenge, this argument has been addressed in the discussion of
Progressive=s second
issue.  To the extent that the complaint
is a challenge to the factual sufficiency of the evidence or a challenge to the
excessive amount of the damages awarded, it was not preserved for review.  Tex.
R. Civ. P. 324(b) mandates that certain complaints must be raised in a
motion for new trial in order to be preserved for appellate review.  These include a complaint of factual
insufficiency of the evidence in support of a jury finding, Rule
324(b)(2);  a complaint that a jury
finding is against the overwhelming weight of the evidence, Rule 324(b)(3); and
a complaint of excessiveness of the damages found by the jury, Rule
324(b)(4).  Although Progressive filed a
motion for new trial, the only issue raised in that motion was one of newly
discovered evidence.  Accordingly,
Progressive=s third
issue on appeal is overruled.  

 








                                                        Newly
Discovered Evidence

In its final issue, Progressive complains of the
trial court=s refusal
to grant its motion for new trial based upon newly discovered evidence showing
that the Robersons knowingly falsified evidence and fabricated their
testimony.  The decision to grant or deny
a motion for new trial based on newly discovered evidence rests largely in the
discretion of the trial court.  Jackson
v. Van Winkle, 660 S.W.2d 807, 809 (Tex.
1983), overruled in part on other grounds by Moritz v. Preiss,
121 S.W.3d 715, 720-21 (Tex.
2003).  The party moving for a new trial
based on newly discovered evidence must demonstrate the following:  (1) that the evidence has come to light since
the time of trial; (2) that it was not because of a lack of due diligence that
the information was not discovered sooner; (3) that the new evidence is not
merely cumulative or for the purpose of impeachment; and (4) that the evidence
is so material that it would probably produce a different result in a new
trial.  Id.
at 809;  New
 Amsterdam Cas. Co. v. Jordan,
359 S.W.2d 864, 866 (Tex.
1962).  

The record in this case shows that Progressive
filed its motion for new trial based upon the newly discovered evidence from
Belinda Dawn Tidwell.  Tidwell=s affidavit in support of the motion
for new trial showed that she was currently in the process of seeking a
common-law divorce from Johnny. 
According to Tidwell, both Johnny and his father, John, had discussed
the lawsuit with her many times in the six years prior to her affidavit.  Both had admitted that they had not made the
required premium payment but hoped that they would win the suit based upon the
incorrect dates listed in Progressive=s
documents.  Tidwell also averred that,
after the conclusion of the lawsuit, she witnessed Johnny and John laugh and
congratulate each other for successfully defrauding the insurance company.  Johnny stated that he had lied while on the
witness stand regarding making the premium payment and that the jury Abought every bit of it.@ 
Tidwell stated that she had not told anyone before trial what she knew
because she was afraid.  Progressive=s motion indicated that Progressive had
no knowledge of Tidwell=s
existence until after trial when she contacted the insurance agency.  The motion for new trial was overruled by
operation of law.  See Tex. R. Civ. P. 329b(c).








After reviewing the record, we cannot find that
Progressive demonstrated the factors required to grant a new trial based upon
newly discovered evidence.  Not only
should part of Tidwell=s
accusations have been discovered through the use of due diligence prior to
trial, but all of the information contained in the affidavit was for the
purpose of impeachment.  See Ski River
Dev., Inc. v. McCalla, 167 S.W.3d 121, 132 (Tex. App.CWaco 2005, pet. denied).  Consequently, we hold that the trial court
did not abuse its discretion with respect to the motion for new trial.  The fourth issue is overruled.  

The judgment of the trial court is reversed only
with respect to the award of attorney=s
fees, and we render judgment that the Robersons take nothing on their claim for
attorney=s
fees.  In all other respects, the
judgment of the trial court is affirmed. 


 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 31, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Even though all of the parties and issues were not
directly addressed in the judgment, we will presume that the judgment is final
and appealable in this case because the trial court held a conventional trial
on the merits, and the judgment shows that all other relief not expressly
granted in the judgment was denied.  In
re Burlington Coat Factory Warehouse of McAllen,
Inc., 167 S.W.3d 827, 829 (Tex.
2005); Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d
692, 693 (Tex.
1986); Ne. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897-98 (Tex. 1966).  We note that the trial court=s docket sheet reflects the existence of nonsuits and a
summary judgment.





[2]We note that the earlier discussion that apparently
occurred outside the presence of the jury is not contained in the reporter=s record.