# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-15-00304-CV
_____

### LAKE LIVINGSTON PROPERTIES, INC. AND
### LYNNE PATRICIA HEDDINS, Appellants

### V.

### STEPHENS HILLS PROPERTY OWNER'S ASSOCIATION, INC., Appellee

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV 12530**

### MEMORANDUM OPINION

In this appeal, we must decide whether Lake Livingston Properties, Inc. and

Lynne Patricia Heddins[1] preserved their right to complain that the trial court tried a

case as a declaratory judgment action under the provisions of the Uniform

Declaratory Judgments Act rather than as a trespass-to-try title case under the

Texas Property Code. Because the Appellants failed to point out their complaints

---

[1] Lake Livingston Properties, Inc. and Lynne Patricia Heddins filed a joint brief. Throughout the opinion, we refer to them collectively as Appellants.

1

in a timely manner in the trial court, we conclude they failed to preserve their complaint regarding the trial court's error for their appeal. We affirm.

Background

In 1977, Lake Livingston Properties, Inc. executed a general warranty deed that conveyed the tract of property at issue to Stephens Hills. The general warranty deed, with respect to the tract at issue, recites that the tract was being conveyed "to be used for the ultimate purpose as a site for public sewage facilities." In 2007, Lake Livingston filed a reversion deed, dated as having been executed in 1980. However, the reversion deed was not signed by anyone on behalf of Stephens Hills. The reversion deed recites that the tract at issue reverted to Lake Livingston because it had not been used as a sewage facility. The evidence in the record established that the tract at issue was never used as a sewage facility, and instead, at all times had remained vacant. Additionally, the reversion deed recites that the tract at issue was being conveyed to Heddins.

In 2009, Stephens Hills filed suit, asking that the trial court declare the general warranty deed through which it had acquired the tract valid as against the reversion deed through which Heddins claimed that she owned the tract, to declare the reversion deed which Lake Livingston attempted to convey the tract to Heddins invalid, and to award Stephens Hills the attorney's fees that it had incurred in resolving whether it owned the tract. All of Stephens Hills' claims were based on

the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.001-.011 (West 2015). In response to Stephens Hills' suit, the Appellants filed a general denial and a counterclaim. In their counterclaim, the Appellants asked the trial court to issue a declaratory judgment declaring that Heddins' reversion deed was valid, that the tract conveyed by the reversion deed was owned by Heddins, and that the Appellants were entitled to recover their attorney's fees. None of the parties' pleadings cited to any of the provisions in the Texas Property Code.

Subsequently, Stephens Hills filed a traditional motion for partial summary judgment. After conducting a hearing on the motion, the trial court granted the partial summary judgment. The partial summary judgment declares that the reversion deed is void and that Stephens Hills owns the tract at issue, as described in the general warranty deed executed by Stephens Hills, free and clear of any restrictions.

Approximately six months later, the trial court rendered a final judgment, and it incorporated its findings from its partial summary judgment. In the final judgment, the trial court also found that Stephens Hills could recover the attorney's fees that it had incurred based on section 37.009 of the Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Costs). The final judgment awards Stephens Hills fees in the amount of $12,602.50.

Within thirty days of the date the trial court rendered its final judgment, the Appellants filed a motion for new trial. In their motion for new trial, the Appellants argued that Stephens Hills had failed to produce sufficient summary judgment evidence to establish its entitlement to recover by summary judgment. *See* Tex. R. Civ. P. 329b(a). However, in their motion, the Appellants did not suggest or argue that the trial court erred in allowing the parties to try the dispute over who owned the tract as a declaratory judgment action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004. Although the Appellants filed an amended motion for summary judgment, their amended motion was not timely, as the amended motion was filed more than thirty days after the trial court rendered judgment. In their amended motion, the Appellants argued that the trial court did not have jurisdiction to consider Stephens Hills' declaratory judgment claims because the case should have been filed as a trespass-to-try title under the Property Code. *See* Tex. Prop. Code Ann. § 22.001 (West 2014). We note that the Appellants did not obtain the trial court's permission to file an untimely amended motion seeking a new trial. *See* Tex. R. Civ. P. 329b(b) (implying that an untimely motion for new trial may be filed with leave of court).

Waiver

In one issue, the Appellants argue that the trial court did not have jurisdiction to issue a declaratory judgment deciding whether Stephens Hills holds

4

superior title based on its deed to the disputed tract. However, because the trial court did have subject-matter jurisdiction over the dispute, we are not persuaded by the Appellants' suggestion that the trial court's final judgment is void because the trial court did not have jurisdiction over the dispute.

In our opinion, the Appellants characterize the trial court's error as jurisdictional in an effort to avoid the error-preservation requirements found in Rule 33.1(a) of the Texas Rules of Appellate Procedure. By characterizing their argument as jurisdictional, they seek to take advantage of the rule that issues raising subject-matter jurisdiction can be raised (and reached by a court) at any time. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex. 1993). According to the Appellants, Stephens Hills' suit for declaratory relief was improper because their suit raised title issues that courts should address only as trespass-to-try title actions. *See* Tex. Prop. Code Ann. § 22.001. And, we agree that the issues raised by Stephens Hills should not have been addressed as Declaratory Judgments Act claims, and instead, the issues should have been resolved as a trespass-to-try title action under the Property Code. *See id*; *see also Martin v. Amerman*, 133 S.W.3d 262 (Tex. 2004). Nonetheless, the trial court's error, for the reasons we explain below, was a procedural error, not a jurisdictional one.

Generally, Texas district courts possess jurisdiction to consider declaratory judgment claims. Tex. Civ. Prac. & Rem. Code Ann. § 37.003. In this case, the

5

pleadings of both parties invoked the Declaratory Judgments Act, so the trial court had jurisdiction of the claims that the parties pleaded. *Id*. Moreover, the 258th District Court is a court of general jurisdiction. *See* Tex. Gov't Code Ann. § 24.435 (West 2004). As a district court, the 258th District Court derives its jurisdiction from the Texas Constitution and the Texas Government Code. Tex. Const. art. V, § 8 (granting District Courts "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies," except in cases where the Constitution or statute conferred jurisdiction on some other court, tribunal, or body); Tex. Gov't Code Ann. § 24.007 (West Supp. 2016). Because the 258th District Court is a court of general jurisdiction, it possesses subject-matter jurisdiction over trespass-to-try title claims, as described in Chapter 22 of the Texas Property Code. *Id*.; Tex. Prop. Code Ann. §§ 22.001-.004 (West 2014). No provisions of the Texas Constitution or the Property Code confer jurisdiction in trespass-to-try title actions on some other court. *See* Tex. Const. art V, § 8; Tex. Prop. Code Ann. § 22.001-.004.

Any complaints concerning the fact that the parties improperly relied on the Declaratory Judgments Act to resolve the question of title to the disputed tract concerns a matter the trial court could have corrected had either of the parties timely advised the trial court of an objection to not resolving the dispute under the Property Code. *See* Tex. R. App. P. 33.1(a). Here, both parties invited the error by invoking the Declaratory Judgments Act, and the Appellants first raised their

complaint that the dispute should have been resolved under the Property Code in their untimely amended motion for new trial. *See* Tex. R. Civ. P. 329b(b). In *Moritz v. Preiss,* 121 S.W.3d 715, 721 (Tex. 2003), the Texas Supreme Court considered whether an untimely amended motion for new trial preserved error. In *Moritz*, Preiss failed to properly preserve a complaint about a juror's misconduct by complaining for the first time in an untimely amended motion for new trial. *Id.* at 720-21. The Court held: "[A]n untimely amended motion for new trial does not preserve issues for appellate review, even if the trial court considers and denies the untimely motion within its plenary power period." *Id.* at 721.

In a summary judgment case, errors must be presented to the trial court in a timely manner before they can be considered in reversing the trial court's ruling on appeal. Under Rule 166a(c) of the Texas Rules of Civil Procedure, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c); *see McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 (Tex. 1993) (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979)). The Appellants did not except to the petition, or lodge any timely-filed objections pointing out to the trial court that the Property Code is the exclusive manner used to resolve cases that involve disputes over title to real property. *See* Tex. R. Civ. P. 91, 329b; *see also* Tex. Prop. Code Ann. § 22.001.

We conclude the trial court possessed subject-matter jurisdiction over the dispute. By voluntarily allowing the matter to be resolved as a declaratory judgment action, the Appellants waived their right to complain that the trial court relied on the wrong statute when it resolved the dispute. *See* Tex. R. App. P. 33.1(a). We overrule the Appellants' sole issue, and we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 24, 2016
Opinion Delivered December 8, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.