Charles E. **MORITZ, M.D., Central Texas Kidney Associates, P.A., Wilbert Polson, M.D., and Austin Radiological Association, P.A., Petitioners,**

v.

Duane **PREISS, individually and as next friend of Alexis Preiss and Ronni Preiss, minor children, and as Representative of the Estate of Traci L. Rasmussen–Preiss, Deceased, and Shirley Rasmussen, Respondents.**

No. 01–1270.

Supreme Court of Texas.

June 12, 2003.

Stephen W. Harris, the Harris Firm, Austin, Diana L. Faust, R. Brent Cooper, Cooper & Scully, P.C., Dallas, and James B. Ewbank, II, Terri S. Harris, Ewbank & Byrom, P.C., Austin, for Petitioner.

J. Woodfin Jones, Scott, Douglass & McConnico, L.L.P., Paul Schorn, Gary Lawrence Rodriguez, Rodriguez & Schorn, PC, Austin, for Respondent.

Justice SCHNEIDER delivered the opinion for the Court.

The trial court rendered a judgment against petitioner that did not name one of the defendants. We must decide whether the trial court's original judgment was final. If it was, then the petitioner's amended motion for new trial filed more than thirty days after the trial court signed the judgment was untimely. Concerned that the original judgment was not final, the court of appeals abated the appeal and remanded to the trial court to enter a final judgment that expressly disposed of all parties. 60 S.W.3d at 287. The trial court then signed a new judgment that included the originally unnamed defendant. The court of appeals then reversed the trial court's judgment based on the amended new trial motion's merits. *Id.* at 295. We disagree that the trial court's original judgment was not final. Therefore, the amended new trial motion was untimely, and the court of appeals should not have considered it. Accordingly, we reverse the court of appeals' judgment and render judgment that petitioner take nothing.

## I. BACKGROUND

Traci Preiss died three weeks after a kidney biopsy. Her husband, Duane Preiss (individually, and on behalf of his children and his wife's estate) sued the healthcare providers—Dr. Charles Moritz, Central Texas Kidney Associates, P.A. (CTKA), Wilbert Polson, and Austin Radiological Association, P.A.—for medical malpractice. Traci Preiss's mother, Shirley Rasmussen, also sued.[1] Preiss claimed the doctors negligently performed the kidney biopsy, and their negligence caused Traci's death. The claim against CTKA was limited to vicarious liability for Moritz's acts.

The jury failed to find that Moritz, Polson, or Austin Radiological Association proximately caused Traci's death. The jury charge did not include a question about CTKA's liability. On August 29, 2000, the trial court rendered judgment based on the jury's verdict that Preiss take nothing from defendants Moritz, Polson, and Austin Radiological Association. The judgment named all the defendants except CTKA. Afterward, at the request of CTKA's attorney, Preiss prepared and executed a notice of non-suit for CTKA. Preiss delivered the document to CTKA's attorney; however, the non-suit was never filed with the court.

---

1. Preiss and Rasmussen will be referred to collectively as Preiss unless otherwise noted.

Preiss filed a timely motion for new trial and alleged juror misconduct. Then, more than thirty days after the trial court signed the judgment, Preiss filed an amended motion for new trial and alleged another juror was disqualified. Preiss simultaneously filed a motion for leave to file the amended new trial motion. At the hearing on the new trial motions, the trial court questioned Preiss regarding the propriety of granting leave for an untimely motion. Preiss conceded that the amended new trial motion preserved no error for appeal. But, relying on *Kalteyer v. Sneed,* Preiss argued that the trial court could consider the arguments and facts in the untimely motion to determine whether it should exercise its inherent power and grant a new trial. *See Kalteyer v. Sneed,* 837 S.W.2d 848, 851 (Tex.App.-Austin 1992, no writ) (stating that an untimely motion's only purpose is to guide the trial court in the exercise of its inherent plenary power). The trial court granted the motion for leave, and after the hearing, denied both the motion for new trial and the amended motion for new trial.

Later, Preiss discovered the non-suit of CTKA was never filed with the trial court and filed a "Motion to Vacate Interlocutory Order and Enter Final Judgment." Preiss asserted that the trial court's original judgment was interlocutory, because it did not expressly dispose of CTKA. The trial court denied the motion.

Preiss appealed and argued, among other things, that the trial court erred in denying its motion to vacate. Expressing concern that it did not have jurisdiction absent a final judgment from the trial court, the court of appeals abated Preiss's appeal and remanded to the trial court to enter a final judgment disposing of all parties. 60 S.W.3d at 287; *see also* Tex. R.App. P. 27.2 (allowing an appealed order that is not final to be modified so as to be made final). In response, the trial court

rendered a new judgment that included CTKA as a party. Preiss then filed a motion for the trial court to reconsider the amended motion for new trial, and the trial court denied the motion. *See* Tex.R. Civ. P. 329b(b).

Back before the court of appeals, Moritz and the other healthcare providers (Moritz) argued that the trial court's original judgment rendered August 29, 2000, was final, and therefore, the court of appeals could not consider whether the trial court abused its discretion in denying Preiss's untimely amended motion for new trial. The court of appeals concluded in a footnote that the trial court's signing the amended final judgment and overruling Preiss's subsequent motion for new trial rendered this argument moot. 60 S.W.3d at 287 n. 1. Then, based on the juror disqualification issue raised in Preiss's amended new trial motion, the court of appeals reversed and remanded for a new trial. *Id.* at 295.

Moritz petitions this Court for review and asks us to reverse the court of appeals' judgment. Moritz contends the trial court's original judgment was final, and therefore, the court of appeals erred in reviewing the trial court's denial of Preiss's untimely amended motion for new trial. Alternatively, Moritz argues that, because the juror in question was not disqualified, the court of appeals erred in holding the trial court abused its discretion in denying the amended motion for new trial.

## II. ANALYSIS

### A. FINAL JUDGMENT

This Court has long recognized a presumption of finality for judgments that follow a trial on the merits:

When a judgment, not intrinsically interlocutory in character, is rendered and

entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to [our procedural rules,] it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

N.E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 897 (Tex.1966); see also John v. Marshall Health Serv., Inc., 58 S.W.3d 738, 740 (Tex.2001); Lehmann v. Har–Con Corp., 39 S.W.3d 191, 198 (Tex.2001). If a judgment actually disposes of every issue in a case, then it is not interlocutory simply because it does not include one of the parties. See Lehmann, 39 S.W.3d at 200; see also Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161, 1162 (1913) (if a judgment implicitly, but necessarily, disposes of all claims it is presumed final).

 We recently affirmed the finality presumption for judgments rendered after a full trial on the merits. John, 58 S.W.3d at 740. In John, after the jury failed to reach a verdict, the trial court granted certain defendants' motion for directed verdict and rendered a judgment stating that John take nothing from those defendants. The judgment did not name three other defendants, who did not participate in the trial because John had negotiated a preliminary settlement with them. Id. at 739. We held that, although the judgment did not expressly dispose of all parties, the finality presumption applied to all parties, including the defendants the judgment did not name. Id. at 740. In concluding the finality presumption was "entirely appropriate," we relied on several factors, including John's not moving for separate trials, proceeding to trial against certain defendants only, and failing to move for an agreed judgment or a dismissal of his claims against the defendants with whom he was settling. Moreover, we determined "there is nothing to indicate that the trial

court did not intend the judgment to finally dispose of the entire case." Id. at 740; see also Aldridge, 400 S.W.2d at 897–98.

Here, as in John, there is nothing to indicate that the trial court did not intend to finally dispose of the entire case. See John, 58 S.W.3d at 740. Preiss did not request, and the trial court did not enter, any orders for a separate trial against CTKA. See id. at 740; Aldridge, 400 S.W.2d at 897. Moreover, the trial court did not submit CTKA's liability to the jury. In fact, Preiss did not request the trial court to submit a jury question on CTKA's liability. And Preiss did not object to the charge submitted. Therefore, we likewise conclude the finality presumption is "entirely appropriate" here. John, 58 S.W.3d at 740. Accordingly, we conclude that the trial court's original judgment, rendered on August 29, 2000, was final.

## B. Amended Motion for New Trial

We now consider whether Preiss's amended new trial motion, filed more than thirty days after the trial court signed the August 29, 2000 judgment, was timely. Preiss argues that, even if we conclude the August 29, 2000 judgment was final, the amended motion for new trial was rendered timely when the trial court granted Preiss leave to file the motion, heard arguments, and ruled on the amended new trial motion. Thus, according to Preiss, the court of appeals properly considered whether the trial court abused its discretion by denying the amended motion. We disagree.

A party may file an amended motion for new trial without leave of court before any earlier motion for new trial is overruled and within thirty days after the judgment. Tex.R. Civ. P. 329b(b). The court may not enlarge the period for taking any action under the rules relating to new trials except as the rules allow. Tex.R. Civ. P. 5.

Nothing in the express language of Rule 329b or Rule 5 suggests that a party receives appellate review of a trial court's decision to deny an untimely amended motion for new trial simply because the trial court grants a party leave to file the untimely amended motion. Rather, Rule 329b(b) merely allows a party to file an amended motion without the trial court's permission so long as the trial court has not yet ruled on an earlier new trial motion, and the party files the amended motion within thirty days after the trial court signs the judgment. TEX.R. CIV. P. 329b(b). If a party timely files a motion for new trial, the trial court's plenary power extends an additional thirty days after the motion is overruled. During that time, the court may grant a new trial, or vacate, modify, correct or reform the judgment. TEX.R. CIV. P. 329b(e). And Rule 5 prohibits a trial court from enlarging the period for taking any action under the rules relating to new trials. TEX.R. CIV. P. 5.

■■■ Read together, Rules 5, 329b(b) and 329b(e) demonstrate that an amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely. The trial court's inherent power does not allow a trial court to disregard the plain language of Rule 5 and enlarge the time for filing new trial motions. *A.F. Jones & Sons v. Republic Supply Co.,* 151 Tex. 90, 246 S.W.2d 853, 854 (1952). A trial court's order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period. *Thomas v. Davis,* 553 S.W.2d 624, 626 (Tex.1977). But, the trial court may, at its discretion, consider the grounds raised in an untimely motion and grant a new trial under its inherent authority before the court loses plenary power. *Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex.1983).

■■■ To summarize the purpose of an untimely motion or amended motion for new trial:

> If the trial court ignores the tardy motion, it is ineffectual for any purpose. The court, however, may look to the motion for guidance in the exercise of its inherent power and acting before its plenary power has expired, may grant a new trial; but if the court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion.

*Kalteyer,* 837 S.W.2d at 851 (citing 4 Mc-DONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 18.06.02 (Frank W. Elliott ed., rev. ed.1984)).

Here, Preiss filed the amended motion for new trial thirty-five days after the trial court signed the original judgment. We have concluded that this judgment was final for purposes of appeal. Accordingly, Preiss's amended motion for new trial was untimely. See TEX.R. CIV. P. 329b(b). The untimely motion's only purpose was to guide the trial court in the exercise of its inherent authority, and it is a nullity for purposes of preserving issues for appellate review. See *Kalteyer,* 837 S.W.2d at 851. The court of appeals, therefore, erred in reviewing Preiss's contention that the trial court abused its discretion in denying the amended motion for new trial and reversing the trial court's judgment based on the juror disqualification issue raised for the first time in that motion.

■■■ We acknowledge that in *Jackson,* decided under the prior version of Rule 329b, we allowed appellate review of issues raised in an untimely motion and amended motion for new trial after the trial court considered the merits of the untimely motions and denied the motions before its plenary power expired. *Jackson,* 660 S.W.2d at 808. However, to give full effect

to our procedural rules that limit the time to file new trial motions, today we hold that an untimely amended motion for new trial does not preserve issues for appellate review, even if the trial court considers and denies the untimely motion within its plenary power period. We overrule *Jackson* only to the extent that it allows appellate review of a trial court's decision to deny an untimely new trial motion.

### III. CONCLUSION

In sum, because the trial court's original judgment followed a trial on the merits and was not intrinsically interlocutory in character, it is presumed final. Consequently, Preiss's amended motion for new trial filed more than thirty days after the trial court signed the judgment is untimely, and the court of appeals should not have considered whether the trial court abused its discretion in denying it. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Preiss take nothing. *See* Tex.R.App. P. 59.1, 60.2(c).