Opinion issued October 12, 2006











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00131–CV




CAROL DOE PORTER, HURT PORTER JR., AND HURT RICHARD
PORTER III, Appellants

V.

ABC, INC., KTRK TELEVISION, INC., WAYNE DOLCEFINO, AND THE
WALT DISNEY COMPANY, Appellees




On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 0350592




MEMORANDUM OPINIONAppellees, ABC, Inc., KTRK Television, Inc., Wayne Dolcefino, and The
Walt Disney Company, have moved for dismissal alleging that appellants, Carol Doe
Porter, Hurt Porter Jr., and Hurt Richard Porter III, did not file a timely notice of
appeal. A timely filed notice of appeal is jurisdictional. Mortiz v. Preiss, 121
S.W.3d 715, 720–21 (Tex. 2003). 
          Generally, a notice of appeal must be filed within 30 days after a judgment is
signed. See Tex. R. App. P. 26.1. However, if any party timely files a motion for new
trial, the time for filing a notice of appeal is extended to 90 days after the judgment
is signed. See Tex. R. App. P. 26.1(a)(1). A motion for new trial must be filed within
30 days of the date the judgment was signed. Tex. R. Civ. P. 329b(a). 
          In this case, the judgment was signed on November 1, 2004. Consequently, the
appellants’ motion for new trial should have been filed no later than December 1,
2004. However, the appellants did not meet this deadline. The envelope used to mail
the appellants’ motion for new trial to the District Clerk’s Office is postmarked
December 2, 2004, and the file stamped copy of the motion for new trial in the
District Clerk’s office is dated December 6, 2004. A legible postmark affixed by the
United States Postal Service shall be prima facie evidence of the date of mailing. See
Tex. R. Civ. P. 5. The appellants’ notice of appeal was filed on January 31, 2005, 91
days after the judgment was signed.


  
          There is no evidence in the record to rebut the evidentiary effect of the
postmark. Thus, the date for filing appellants’ notice of appeal was not extended
beyond the 30-day deadline, and this court has no jurisdiction over this appeal. See
Tex. R. Civ. P. 5; Tex. R. App. P. 25.1(b).
          Accordingly, this appeal is dismissed for want of jurisdiction. See Tex. R. App.
P. 42.3(a) (allowing involuntary dismissal of case). All pending motions are denied.
 
PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Higley.