



# MEMORANDUM OPINION

No. 04-11-00316-CV

**IN RE** Michelle **LOZANO**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  May 18, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On March 3, 2011, relator Michelle Lozano filed a petition for writ of mandamus and an emergency motion for temporary relief, complaining the trial court granted a new trial outside its plenary power.[2] The underlying suit is a modification of the parent-child relationship. On January 12, 2011, the trial court signed the judgment appointing Lozano and Gil Lombana as joint managing conservators, with Lozano having the right to designate the primary residence of the child. On February 9, 2011, Lombana filed a motion for new trial, and on March 2, 2011, Lombana filed a "motion for sanctions for failure to serve." In her petition for writ of

---

[1] This proceeding arises out of Cause No. 2007-CI-11826, styled *Michelle Lozano v. Gil Lombana*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel presiding. However, the order complained of was signed by the Honorable Larry Noll, presiding judge of the 408th Judicial District Court, Bexar County, Texas.

[2] Relator failed to comply with Texas Rule of Appellate Procedure 52.3(j), which requires that "the person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *See* TEX. R. APP. P. 52.3(j).

mandamus, Lozano asserts the motion for sanctions is an amended motion for new trial. On March 14, 2011, the trial court held a hearing on what Lozano refers to as the "Amended Motion."[3] On March 22, 2011, the trial court signed an order entitled "Order Granting New Trial and Imposing Sanctions," which holds that the motion for new trial is granted. There is no mention of an amended motion for new trial in the trial court's order.

Lozano contends the filing of an amended motion for new trial does not extend the trial court's plenary power over the judgment, and, therefore, the trial court lacked plenary power to grant a new trial. However, it is unclear based on the record before us whether the trial court granted the motion for new trial or whether the trial court construed the motion for sanctions as an amended motion for new trial and granted the amended motion. Nonetheless, regardless of whether the trial court construed Lombana's second filing as amended motion for new trial as Lozano suggests, the outcome is the same—the trial court retained plenary power to grant a new trial.

Once Lombana timely filed the original motion for new trial, the trial court's plenary power was extended for seventy-five days after the judgment was signed. *See* TEX. R. CIV. P. 329b(c). Therefore, the order granting a new trial on March 22, 2011 was within the trial court's plenary power. If the second filing is construed as an amended motion for new trial, as Lozano suggests, we agree with Lozano that it was untimely filed because it was not filed within thirty days of the judgment. *See id.* 329b(b) (providing that "[o]ne or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the

---

[3] Lozano fails to provide this court with a reporter's record from this hearing. Texas Rule of Appellate Procedure 52.7 requires that relator provide "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See* TEX. R. APP. P. 52.7(a)(1). Lozano has failed to comply with this provision. Therefore, we cannot determine whether the trial court held a hearing on the original motion for new trial as filed or on an amended motion for new trial as Lozano suggests.

movant is overruled and within thirty days after the judgment or other order complained of was signed”); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). However, when an amended motion is not filed in accordance with 329b(b), “the trial court may, at its discretion, consider the grounds raised in an untimely motion and grant a new trial under its inherent authority before the court loses plenary power.” *Moritz*, 121 S.W.3d at 720. If we construe the second filing as an amended motion for new trial, once the original motion for new trial was filed the trial court retained plenary power for seventy-five days after the judgment was signed. Therefore, the trial court did not err in granting a new trial under its inherent authority to do so while it still retained plenary power. *Id.* Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM