

# NUMBER 13-12-00548-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BRANDI RENEE DAY D/B/A DESIGNER SECRETS,**       **Appellant,**

**v.**

**LARRY SMITH AND DIANA SMITH,**       **Appellees**.

**On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam**

This cause is before the Court on appellees' motion to dismiss appeal for lack of jurisdiction. Appellant, Brandi Renee Day d/b/a Designer Secrets, attempted to perfect an appeal from an order granting summary judgment signed on May 25, 2012, in cause no. CL-08-0727-G.

The record indicates that on June 22, 2012, appellees filed a motion for new trial which was denied by the trial court on August 14, 2012. On August 28, 2012, the trial court entered an "Amended Order Granting Plaintiff's Motion for Partial Summary Judgment." The amended order provided that because the plaintiffs' motion for summary judgment had not requested affirmative relief on their breach of contract claim, none was granted on plaintiffs' claim and it not only remained open and pending, but was to be set for trial or other disposition on the merits. The Amended Order specifically states "Because this Order disposes only of the Defendant's Counterclaim it is not a final order and not appealable because it has not resolved all issues as to all parties herein."

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court retains jurisdiction over a case for a minimum of thirty days after a final judgment, during which time the court has plenary power to change its judgment. *See* TEX. R. CIV. P. 329b (d); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary power for up to an additional seventy-five days. *See* TEX. R. CIV. P. 329b (c), (e) & (g). When a motion for new trial is timely filed, the trial court has plenary power to vacate, modify, correct, or reform the judgment until thirty days after the motion is overruled, either by a written order or by operation of law, whichever comes first. TEX. R. CIV. P. 329b (e); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). In either event, the court's plenary power may not be extended more than 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310.

The Amended Order was filed within the trial court's plenary power. *See* TEX. R. CIV. P. 329b (e). Because there is no final judgment or order subject to appeal, the notice of appeal is premature. *See* Tex. R. App. P. 26.1, 27.1(a).

Appellees' motion to dismiss appeal for lack of jurisdiction is granted. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
29th day of November, 2012.