**Opinion issued October 18, 2018**



In The

# Court of Appeals

For The

## First District of Texas

———————————

**NO. 01-17-00476-CV**

———————————

**BRIAN A. WILLIAMS, Appellant**

**V.**

**DEVINAH FINN, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-56659**

---

## MEMORANDUM OPINION ON REHEARING

Devinah Finn filed a petition to modify the parent-child relationship, seeking enforcement of an earlier mediated settlement agreement between her and Brian Williams. Brian filed a notice of withdrawal of consent of the mediated settlement agreement. The trial court ordered the parties to arbitration pursuant to the mediated

settlement agreement and later signed the arbitration award as its judgment. In three issues on appeal, Brian argues (1) the arbitration award judgment is void for lack of plenary jurisdiction, (2) the trial court erred by enforcing the mediated settlement agreement because the mediated settlement agreement expired by its own terms and Brian repudiated the agreement, and (3) the arbitration award exceeded the scope of the order compelling arbitration.

On July 10, 2018, we issued our original opinion in this case. On August 9, 2018, Williams filed a motion for rehearing. We deny the motion for rehearing, withdraw our prior opinion and judgment, and issue this opinion and a new judgment in their place. Our disposition remains the same.

We affirm.

## Background

The trial court signed the parties' agreed divorce decree in 2009. About two years later, Devinah filed a petition to modify the parent-child relationship. The parties reached a settlement agreement in April 2012. Further agreements were reached in December 2014. In February 2015, the parties sought to have the trial court render their agreements into a judgment. Both parties filed motions to enter an agreed final order. The parties' proposed orders, however, were different from each other.

2

The trial court signed Brian's proposed judgment on March 6, 2015. Devinah filed a motion for new trial on March 30, 2015, arguing the judgment did not comport with their settlement agreement and, accordingly, was not agreed as represented. Brian filed a response, opposing the motion.

While the motion was pending, the parties attended another mediation. They signed a new settlement agreement on May 14, 2015. Devinah and Brian agreed that the settlement agreement was not subject to revocation and that each was entitled to judgment on it. They further agreed to submit "all provisions of this [agreement] . . . and any and all issues between the parties in the future related to the Decree or any modification thereto" to binding arbitration.

The next day, on May 15, 2015, Devinah filed a notice of the settlement agreement. On May 29, 2015, a proposed order was filed. The proposed order granted Devinah's motion for new trial and vacated the March 6 judgment so the parties could submit an order based on the settlement agreement. The trial court did not sign this proposed order.

On September 16, 2015, Devinah filed another petition to modify the parent-child relationship. In it, she sought the enforcement of the 2015 mediated settlement agreement. Brian filed a notice of withdrawal of consent from the mediated settlement agreement. Devinah filed a motion to compel arbitration pursuant to the

2015 mediated settlement agreement. The trial court granted the motion. The arbitrator issued an award, and the trial court rendered the award in a judgment.

**Validity of 2015 Mediated Settlement Agreement**

In his first two issues, Brian challenges the validity of the 2015 mediated settlement agreement. In his first issue, Brian argues the arbitration award judgment is void for lack of plenary jurisdiction. In his second issue, Brian argues the 2015 mediated settlement agreement cannot be enforced because it expired by its own terms and he repudiated it. Under both issues, Brian argues the trial court lacked the authority to order them to arbitration because the agreement was no longer enforceable.

**A.  Standard of Review**

When a party to a suit affecting the parent-child relationship challenges an application to compel arbitration on the ground that the contract containing the agreement is not valid or enforceable, the trial court must rule on the issue. TEX. FAM. CODE ANN. § 153.00715(a) (West 2014).[1]  Enforcement of an arbitration

---

[1]  Subsection (c)(3) provides that section 153.00715 does not apply to a mediated settlement agreement. TEX. FAM. CODE ANN. § 153.00715(c)(3) (West 2014). By its inclusion between "(1) a court order" and "(5) any other agreement between the parties that is approved by a court," we construe this to mean the section does not apply to a mediated settlement agreement that has been approved by a court. *See Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 61 (Tex. 2015) ("The canon of statutory construction known as *noscitur a sociis* —'it is known by its associates'— holds that the meaning of a word or phrase, especially one in a list, should be known by the words immediately surrounding it."). At the time Devinah sought

4

agreement is a question of law for the court that we review de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009).

## B. Analysis

Texas law allows parties in a divorce proceeding or in a suit affecting the parent-child relationship to enter into binding, irrevocable settlement agreements and to obtain a judgment on the agreement. *See* TEX. FAM. CODE ANN. § 6.602 (West 2006), § 153.0071 (West Supp. 2018). To qualify as mediated settlement agreements, the agreement must meet certain qualifications. *Id.* §§ 6.602(b), 153.0071(d).

On May 13, 2015, Devinah and Brian signed an agreement. No one disputes that, when it was signed, the agreement met the requirements of a mediated settlement agreement. *See id.* § 153.0071(d). Accordingly, it was binding on Devinah and Brian. *See id.* As a result, they were entitled to judgment on the agreement. *See id.* § 153.0071(e).

Brian points out that, although the agreement was filed with the trial court before the trial court's plenary power expired over the first petition to modify the parent-child relationship, the trial court did not sign the agreement. While the parties filed an agreed proposed order granting a new trial and vacating the court's existing

---

enforcement of the arbitration agreement within the 2015 mediated settlement agreement, the agreement had not yet been approved by a court.

5

judgment so that a judgment conforming to the mediated settlement agreement could be rendered, the trial court never signed the agreed proposed order. As a result, Brian asserts that Devinah was required to file an appeal challenging the trial court's failure to rule and that, by failing to do so, Devinah lost her right to have the agreement rendered into a judgment. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) ("Errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct appeal."). Brian concludes that Devinah's second petition to modify the parent-child relationship thus constitutes a collateral attack on the trial court's earlier denial of rendering judgment on the agreement.

The flaw with Brian's reasoning is that the mediated settlement agreement was not timely presented as a motion for new trial. As a result, it was not overruled by operation of law or otherwise. Because it was not ruled on, Devinah could not have sought appellate review.

A motion for new trial must be filed within 30 days of the trial court's judgment. TEX. R. CIV. P. 329b(a). Filing a motion for new trial extends the trial court's plenary power, but it does not extend the time within which a party can file an amended motion for new trial. *See* TEX. R. CIV. P. 329b(b)–(c), (e); *Moritz v. Preiss*, 121 S.W.3d 715, 719 (Tex. 2003) (holding amended motion for new trial must be filed within 30 days of judgment and before trial court overrules earlier

6

motion). Any motion outside that period is untimely. *Moritz*, 121 S.W.3d at 720. Even when a trial court formally overrules an untimely motion, nothing is preserved for review. *Id.* at 721; *see also Lamb v. Green*, No. 01-02-00026-CV, 2002 WL 31771268, at *3 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (mem. op., not designated for publication) (holding untimely motion to modify judgment in family law case preserved nothing for review).

The trial court signed its judgment in this case on March 6, 2015. The latest time to file a motion for new trial and any amendments, then, was April 5. *See* TEX. R. CIV. P. 329b(b). The parties signed the mediated settlement agreement at issue on May 13, 2015. The notice of settlement and the proposed order were filed after this date. Even construing the notice and proposed order as amended motions for new trial, they were untimely. *See Moritz*, 121 S.W.3d at 719. Accordingly, the expiration of the trial court's plenary power and Devinah's failure to file a notice of appeal did not have a preclusive effect on her ability to have the agreement rendered as a judgment. *See id.* at 720; *Hagen*, 282 S.W.3d at 902. For this reason, Brian's argument that Devinah's second petition to modify the parent-child relationship thus constitutes a collateral attack on the trial court's earlier judgment must fail.

We overrule Brian's first issue.

Brian argues in his second issue that the mediated settlement agreement expired on its own terms. Specifically, Brian argues that the agreement could only

be rendered as a judgment before the trial court's plenary power expired for the first petition to modify the parent-child relationship.

For support, Brian relies on *Highsmith v. Highsmith*, No. 07-15-00407-CV, 2017 WL 4341466 (Tex. App.—Amarillo Sept. 28, 2017, pet. filed) (mem. op.). In *Highsmith*, the court interpreted the statute governing mediated settlement agreements for divorce proceedings. *See* FAM. § 6.602. In that case, the parties reached a settlement agreement before suit was ever filed. *Highsmith*, 2017 WL 4341466 at *1. The husband filed a petition for divorce and obtained a judgment based on the agreement. *Id.* at *2. The wife then revoked her consent. *Id.*

The court held the agreement was not an irrevocable mediated settlement agreement because it was not reached during the pendency of a divorce proceeding. *Id.* at *4. The court observed that subsection (a) of the statute provides that "the court may refer a suit for dissolution of marriage to mediation." *Id.* (quoting FAM. § 6.602(a)). Based on a plain-language interpretation of the statute, the court reasoned that, because subsection (a) allowed a trial court to refer the parties to mediation when a suit is pending, a suit being pending must be a prerequisite to obtaining the agreement. *See id.*

Other courts have held to the contrary. *See Cojocar v. Cojocar*, No. 03-14-00422-CV, 2016 WL 3390893, at *2 (Tex. App.—Austin June 16, 2016, no pet.) (mem. op.) (holding subsection (a) is discretionary and is not requirement for

mediated settlement agreement to be irrevocable under subsection (b)); *In re J.A.W.–N.*, 94 S.W.3d 119, 121 (Tex. App.—Corpus Christi 2002, no pet.) (holding, for section 153.0071, obtaining court order to mediate is not prerequisite to obtaining mediated settlement agreement).

The corollary to section 6.602(a) for suits affecting the parent-child relationship is section 153.0071(c). It provides, "On the written agreement of the parties or on the court's own motion, the court may refer a suit affecting the parent-child relationship to mediation." FAM. § 153.0071(c). Brian urges us to adopt *Highsmith*'s reasoning.

We do not need to weigh in on the conflict among the courts, however, because *Highsmith* is distinguishable from this case. Here, there was a suit affecting the parent-child relationship pending during the mediation. As Brian acknowledges, the trial court still had plenary power over the first petition to modify the parent-child relationship, and the parties still could have appealed the trial court's judgment.[2] Assuming without deciding, then, that *Highsmith* was correctly decided, Devinah and Brian's agreement remains irrevocable under its analysis.

---

[2] In his motion for rehearing, Brian argues that the reasoning in this holding is inconsistent with the reasoning in our earlier holding that Devinah could not have appealed the trial court's failure to rule on her untimely amended motion for new trial. In this opinion we have held that Devinah or Brian were still within the time to file a notice of appeal after their mediation and that Devinah could not have complained about the trial court's failure to sign the untimely amended motion for new trial had she elected to file a notice of appeal. These are not inconsistent.

9

Brian argues that, by the same reasoning in *Highsmith*, the mediated settlement agreement lost its irrevocable character once the trial court's plenary power expired in the first modification proceeding. *Highsmith*, does not stand for this proposition, however. *Highsmith* is based on a plain–language interpretation of the statute. 2017 WL 4341466, at *4. The court reasoned that, because subsection (a) contemplated a suit for divorce being pending before a court could refer the parties to mediation, this must be a prerequisite to obtaining the agreement. *See id.*

In contrast, neither section 6.602 nor section 153.0071 mention any effect if the suit comes to an end during or after the mediation. Instead, section 153.0071 provides that the agreement is binding once it contains an appropriate irrevocable clause, is signed by the parties to the agreement, and is signed by any attorneys present. FAM. § 153.0071(d). Nothing in the plain language of the statute places any further restrictions. Accordingly, *Highsmith* does not support Brian's argument.

In *S.K.D.*, the parents reached a mediated settlement agreement during the pendency of a petition to modify the parent-child relationship. *In re S.K.D.*, No. 05-11-00253-CV, 2014 WL 3058452, at *1 (Tex. App.—Dallas July 8, 2014, no pet.) (mem. op.). The wife later sought enforcement of the agreement. *Id.* The same day, the trial court dismissed the case for want of prosecution. *Id.* About a month later, the husband initiated a new suit, seeking a judgment different from the agreement. *Id.*

The wife complained on appeal that the trial court was required to render judgment on the agreement, not the husband's new claims for a modification. *Id.* at *2. The Dallas Court of Appeals agreed. *Id.* It held that the wife was entitled to judgment on the agreement in the new proceeding. *Id.*

Brian also suggests the 2015 mediated settlement agreement expired on its own terms because one term of the agreement was that "the lawyers shall sign an Agreed Order granting Devinah's Motion for New Trial for purposes of entry of an order pursuant to this [agreement] only." Brian argues this indicates the parties' intention that the agreement would expire if the trial court did not sign the agreed order during the pendency of the first modification suit.

This Court has held that determining whether a variation between a trial court's judgment and the terms of a mediated settlement agreement is material "is not a mechanical examination." *Davis v. Davis*, No. 01-12-00701-CV, 2014 WL 890899, at *9 (Tex. App.—Houston [1st Dist.] Mar. 6, 2014, no pet.) (mem. op.). Instead, "the inquiry is whether variances by the trial court significantly alter the parties' written agreement in a way that deviates from the parties' intent as manifested in that agreement. If the decree merely adopts mechanisms to enforce the parties' agreement while remaining consistent with their intent, it is enforceable." *Id.*

Here, there was no variance. The parties and their lawyers did, in fact, file an agreed order with the trial court. The trial court did not sign that order. Nothing in the agreement prevented the parties from seeking other ways of obtaining judgment on the agreement. The agreement explicitly provided that it was effective on the day it was signed, that it was a settlement of all of the parties' claims and disputes, and that it was irrevocable. Devinah's seeking judgment on the agreement in a new proceeding was consistent with the parties' stated intent. *See id.*; *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 239 (Tex. 2016) (holding courts must construe contract together in its entirety and evaluate its overall agreement to determine purposes parties had in mind at time of signing).

We overrule Brian's second issue.

### Scope of Arbitration Agreement

In his third issue, Brian argues the arbitration award exceeded the scope of the order compelling arbitration.

### A.     Standard of Review

Brian asserts that the standard of review for this issue is de novo. For authority, he relies on a case holding that determining whether a claim falls within the scope of an arbitration agreement is reviewed de novo. *See Hilms v. Hilms*, No. 04-07-00631-CV, 2008 WL 859218, at *2 (Tex. App.—San Antonio April 2, 2008, no pet.) (mem. op.). Brian is not complaining, however, about the award exceeding

12

the scope of the arbitration agreement. Instead, he is complaining about the award exceeding the scope of the trial court's order compelling arbitration. We have found no case that states a standard of review for this situation.

We do not need to decide which standard of review applies in this case because, even assuming without deciding that we apply a de novo standard of review, Brian still cannot prevail.

## B.     Analysis

As Brian points out, the parties agreed in the 2015 mediated settlement agreement to arbitrate "disputes that arise in the drafting and execution of [the] agreement" as well as "all provisions of the [agreement], any issue related to family therapy, and any and all issues between the parties in the future related to the Decree or any modification thereto." The order compelling arbitration required the parties to arbitrate "any disputes that arise in the drafting and execution of the Order stemming from the May 13, 2015 Mediated Settlement Agreement" as well as "all provisions of the May 13, 2015 Mediated Settlement Agreement, any issue related to family therapy and any and all issues between the parties in the future related to the Agreed Final Decree of Divorce dated November 16, 2009 or any modification thereto, including enforcements and emergencies."

Brian argues in his brief, "Devinah's petition to modify, filed September 16, 2015, predated the trial court's order compelling arbitration. . . . Therefore, the trial

court's order approving the arbitration award, which purports to grant her modification, is reversible." (Internal citation omitted.) In his reply brief, Brian argues, "Devinah agrees that the language of the trial court's order compelling arbitration does not cover disputes that predate that order. Nevertheless, she asks this Court to look to the 2015 Agreement to find that the trial court's order compelling arbitration means something that it does not say."

Brian's complaint in this issue stems from the fact that the order compelling arbitration required the parties to arbitrate "any and all issues between the parties in the future related to the Decree or any modification thereto." Brian argues that, because the order references "issues . . . in the future," the trial court intended the parties to arbitrate only disputes that had not yet arisen and not disputes that already had. Based on this reasoning, Brian argues that, because the 2015 agreement predated the order compelling arbitration, it could not be a part of the arbitration award.

Assuming without deciding that, under this portion of the order, the trial court intended for the parties to arbitrate only disputes that had not yet arisen at the time of the order, the trial court also ordered the parties to arbitrate disputes arising from the execution of the 2015 mediated settlement agreement. Considering that Brian had attempted to withdraw his consent to the agreement and prevent its execution as

a result, it is consistent with this provision of the trial court's order for the arbitration award to execute the agreement as a judgment.

We overrule Brian's third issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Brown, and Caughey.