# NO. 12-21-00056-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SIGNAD, LTD.,* **APPELLANT** | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE CITY OF HUDSON,* **APPELLEE** | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

SignAd, Ltd. filed a notice of appeal from the following rulings: (1) an October 2, 2017 order granting the City of Hudson's motion for leave to file a response to SignAd's Rule 91a motion to dismiss; (2) a November 15, 2017 order denying SignAd's motion to dismiss and alternative plea to the jurisdiction; (3) a September 30, 2019 order partially granting SignAd's traditional motion for partial summary judgment; (4) a January 19, 2021 order partially granting the City's first amended motion to dismiss for lack of subject matter jurisdiction; and (5) the denial of its motion for new trial by operation of law. We dismiss the appeal for want of jurisdiction.

The most recent order challenged by SignAd was signed on January 19, 2021. There is some dispute between the parties as to whether this order constitutes a final judgment or an interlocutory order. This case arises out of SignAd's construction of a billboard that the City maintains violates a local ordinance. The record reflects that the City sued SignAd for injunctive relief, civil penalties under Chapter 54 of the local government code and Section 114.121 of the City's local ordinance, and declaratory relief. SignAd asserted counterclaims for declaratory judgment, compensation for loss of the billboard if ordered to remove it, inverse condemnation, unenforceability of the ordinance against SignAd, and 42 U.S.C. § 1983. In a letter dated September 21, 2020, the trial court stated:

> I suspect my frustration in fully discerning the legal issues presented in this case is far surpassed by your frustration with my rulings, all of which I truly regret. Nevertheless, my current desire is to enter an Order or Orders that would be dispositive of each party's positions whereby an intermediate appeals court could either affirm or reverse and render without further trial court action. That may not be possible, but I ask that you consider how to accomplish that outcome in view of my June 25th letter ruling[1] that awaits entry of a written Order.
>
> To discuss your proposals as to the entry of a written Order that is dispositive of all issues and appealable, I am scheduling another hearing for October 1, 2020 at 3:30 p.m.

The January 19 order partially granting the City's first amended motion to dismiss for lack of subject matter jurisdiction contains several findings: (1) SignAd lacks standing to bring its counterclaim for declaratory judgment that the ordinance is an unconstitutional and unenforceable content-based restriction on speech ("Claim") on the grounds that SignAd lacks redressability due to §144.052(A)(l) of the ordinance; (2) SignAd's subject billboards exceed the size limitations for commercial signs under §144.052(A)(l) of the ordinance; and (3) SignAd cannot maintain its billboards under §144.052(A)(l) of the ordinance even if SignAd achieved a total victory in this case. The trial court granted the City's first amended motion to dismiss for lack of subject matter jurisdiction and ordered the Claim be dismissed with prejudice. In a January 19 letter, the trial court stated, "In view of this jurisdictional ruling, I am withdrawing any other rulings and refraining from entering orders on any other motions." SignAd filed a motion for new trial, which was overruled by operation of law.

This Court need not determine whether the January 19 order constitutes a final judgment, as the notice of appeal is untimely either as an accelerated appeal or an ordinary appeal. If the order is an appealable interlocutory order, the notice of appeal was due to be filed within twenty days after the judgment or order was signed, i.e., February 8. *See* TEX. R. APP. P. 26.1(b) ("in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"). SignAd's motion for new trial did not extend the time to perfect an accelerated appeal. *See* TEX. R. APP. P. 28.1(b). SignAd's notice of appeal was filed on April 13, long after the time expired for perfecting an accelerated appeal.

But even if not interlocutory, the notice of appeal is still untimely. A notice of appeal must be filed within thirty days after the judgment is signed or within ninety days after the

---

[1] This letter ruling (1) denied SignAd's second traditional motion for partial summary judgment as to commercial speech provisions, but granted the motion as to noncommercial speech provisions, (2) overruled SignAd's objections to the City's summary judgment evidence, and (3) denied the City's partial motion to dismiss for lack of subject matter jurisdiction/first amended motion to dismiss for lack of subject matter jurisdiction as to standing, but granted the motion as to redressability under the ordinance.

judgment is signed if any party timely files a motion for new trial. TEX. R. APP. P. 26.1. A motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3.

Any motion for new trial was due to be filed by February 18. *See* TEX. R. CIV. P. 329b(a) (motion for new trial shall be filed prior to or within thirty days after judgment or other order is signed). SignAd filed its motion for new trial on February 22. On April 14, the Clerk of this Court notified SignAd that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.1, 26.3. We informed SignAd that the appeal would be dismissed unless the information was amended on or before April 26 to show this Court's jurisdiction. In response, SignAd's counsel states that he filed a motion for new trial on February 17, extending the appellate deadline to ninety days, and filed an amended notice of appeal on April 15 to challenge the denial, by operation of law, of SignAd's motion for new trial.

The certificate of service attached to the motion for new trial reflects that it was served on February 16; however, the motion is file marked February 22.[2] SignAd offers no evidence demonstrating that the motion was filed earlier. Thus, the motion was late and did not extend the time for filing the notice of appeal. *See **Hartley v. Esquire Deposition***, No. 01-17-00508-CV, 2018 WL 1720670, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2018, no pet.) (mem. op.) (per curiam) (dismissing appeal for want of jurisdiction because motion to reconsider was filed thirty-five days after judgment was signed); *see also **Gilani v. Kaempfe***, 331 S.W.3d 879 (Tex. App.—Dallas 2011, no pet.) (dismissing appeal for want of jurisdiction because motion for new trial filed one day late failed to extend appellate timetable). And an "order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period." ***Moritz v. Preiss***, 121 S.W.3d 715, 720 (Tex. 2003); *see **Williams v. Finn***, No. 01-17-00476-CV, 2018 WL 5071196, at *3 (Tex. App.—Houston [1st Dist.] Oct. 18, 2018, pet. denied) (mem. op. on reh'g) (because agreement was not presented timely as a motion for new trial, purported motion was not overruled by operation of law or otherwise). Because SignAd's motion for new trial was untimely, its April 13 notice of appeal

---

[2] We are aware that much of Texas was experiencing hazardous weather during this time period. However, SignAd's motion for new trial was electronically filed. There is nothing in the record to indicate that electronic filing was unavailable or that, if sent on February 16, would not be filed until February 22.

was likewise untimely as to the orders complained of, and its amended notice of appeal does not create jurisdiction over the denial by operation of law of an untimely filed motion for new trial.

Accordingly, for the reasons discussed above, we ***dismiss*** the appeal for ***want of jurisdiction***. All pending motions are ***overruled as moot***.

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 15, 2021

NO. 12-21-00056-CV

**SIGNAD, LTD.,**
Appellant
V.
**THE CITY OF HUDSON,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00481-17-07)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*