**AFFIRMED and Opinion Filed July 25, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00607-CV**

**EX PARTE T.P.R.**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. X20-285-U**

# MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

The Texas Department of Public Safety appeals the trial court's order expunging records related to T.P.R.'s arrest for driving while intoxicated (second) following acquittal. In two issues, DPS contends that T.P.R. is not entitled to expunction because (1) he was previously convicted of DWI and (2) DPS was not properly notified of the petition for expunction. For the reasons set out below, we overrule both issues and affirm the trial court's order.

BACKGROUND

T.P.R. was arrested for and charged with DWI 2nd. A jury acquitted him of the offense on February 11, 2020. Less than thirty days later, T.P.R. filed a petition for expunction of his criminal records related to the case and attached the judgment

of acquittal to the petition. The petition listed various officials and agencies with records or files related to the acquittal, and requested the matter be set for hearing. The Dallas County District Attorney's Office subsequently filed an agreement to the expunction.

On March 26, 2020, the trial court signed an order granting T.P.R.'s petition. In its order, the trial court found that the respondents, which included the Department of Public Safety, had been served with a copy of the petition as required by law. The trial court ordered all records and files related to the acquittal be expunged.

On April 23, 2020, DPS filed an unsworn motion for new trial. In the motion, DPS alleged that T.P.R. had previously been convicted of DWI and therefore was not entitled to expunction. Further, it asserted that it was not served with a petition and notice. Attached to the motion were unverified copies of documents purportedly related to a previous DWI. Two weeks later, DPS filed an amended motion attaching certified copies of documents showing T.P.R. was convicted of DWI in 2003 and acquitted of the one at issue here. The trial court did not rule on either motion for new trial. DPS brought this appeal.

## DISCUSSION

In its first issue, DPS asserts T.P.R. is not entitled to an expunction of the records pertaining to his acquittal under the statutory exception found in article

55.01(c) of the Texas Code of Criminal Procedure because he has a previous DWI conviction.

Article 55.01(c) provides that

> [a] court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

TEX. CODE CRIM. PROC. ANN. art. 55.01(c).

Section 3.01 defines "criminal episode" as "the commission of two or more offenses . . . [when] the offenses are the repeated commission of the same or similar offenses."

DPS argues DWI and DWI 2nd are the repeated commission of the same offenses; thus, the trial court erred in expunging the records because T.P.R. was convicted of a prior DWI arising out of the same criminal episode as the acquitted DWI offense.

As evidence of the previous conviction, DPS directs us to documents attached to its amended motion for new trial. But an amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely and does not preserve issues for our review. *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Here, DPS's amended motion, which purported to attach certified copies of the documents relied upon here, was filed forty-one days after the trial court signed

3

the order of expunction. Accordingly, it is a nullity for purposes of preserving issues for review.

Regardless, even if we considered the documents, the Texas Supreme Court recently rejected this argument in a case factually similar to the one before us. *See Ex parte K.T.*, 645 S.W.3d 198 (Tex. 2022). In *K.T.*, the supreme court considered cases involving two parties, both of whom had one misdemeanor DWI conviction and, then years later, one subsequent misdemeanor DWI acquittal. Both sought expunction of the arrest records related to the acquittals. Separate trial courts ordered expunction over the objections of DPS. 645 S.W.3d at 201.

The supreme court upheld the expunction, reasoning that an acquittal cannot qualify as the "commission" of any "offense" in establishing a "criminal episode." *Id*. at 206. Thus, if there is only one other offense without the acquitted charge, the evidence is legally insufficient to establish a criminal episode, and therefore the statutory exception which DPS relies on does not apply. *Id*.

Here, the State has alleged two offenses, one of which is the acquittal. Because the acquittal cannot serve as one of the predicate offenses in establishing a criminal episode, the exception to expunction does not apply in this case. We overrule DPS's first issue.

In its second issue, DPS asserts it did not receive notice of the petition or hearing "as is clear from the record" and as required by article 55.02 § 2(c). But

4

other than this bare assertion, DPS provides no further explanation and does not cite us to any place in the record to support its contention. We therefore question whether this issue is adequately briefed. *See* TEX. R. APP. P. 38.1.

Regardless, although DPS filed a motion for new trial making the same assertions, the allegations in the motion were neither verified nor supported by an affidavit; therefore, the motion provides no competent evidence of those facts.[1] *See In re C.A.C.*, No. 13-10-00332-CV, 2011 WL 3631958, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 18, 2011, no pet.) (mem. op.) (rejecting defendant's assertion that he did not receive notice of default judgment hearing when motion for new trial was not verified or supported by affidavit).

Moreover, the judgment recited that respondents, including DPS, were served with a copy of the petition as required by law. Absent evidence to the contrary, we indulge every presumption in favor of regularity of the judgment. *Adimora-Nweke v. Yarbrough*, No. 14-19-00426-CV, 2021 WL 1917832, at *3 (Tex. App.—Houston [14th Dist.] May 13, 2021, pet. denied) (mem. op.) (concluding recital in protective order that court had jurisdiction over parties was evidence that protective order was

---

[1] In its motion for new trial, DPS asserted the address was listed in the petition as pio.@dps.texas.gov when the correct address is expunctions@dps.texas.gov. As stated above, the record does not support this assertion. Regardless, T.P.R. responds that even if one of the three emails specified in the petition was erroneous, DPS has not explained why one of the several other Department email addresses was incorrect nor does it contest the accuracy of the Department's mailing addresses listed in the petition. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (requiring trial court to give reasonable notice of hearing by (1) certified mail, return receipt requested or (2) secure electronic mail, electronic transmission, or facsimile transmission).

issues after notice and hearing required by family code); *cf. Avelo Mortg., LLC v. Infinity Capital, LLC*, 366 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("In the absence of evidence to the contrary, it is presumed that official acts or duties are properly performed. . . ."). Accordingly, we overrule the second issue.

We affirm the trial court's order of expunction.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200607F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

EX PARTE T.P.R.

No. 05-20-00607-CV

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. X20-285-U; Opinion delivered by Justice Reichek. Justices Nowell and Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's order granting expunction is **AFFIRMED**.

It is **ORDERED** that appellee T.P.R. recover his costs of this appeal from appellant Texas Department of Public Safety.

Judgment entered this 25th day of July 2022.

7