# NO. 12-23-00098-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OVATION SERVICES, LLC,* *APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *DISTRICT COURT* |
| *JERRI LYNN BOWEN, ET AL,* *APPELLEES* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

In 2019, Ovation Services, LLC, mortgage servicer for FGMS Holdings, LLC, sued Jerri Lynn Bowen, Ryan Dwyer, Douglas Dwyer, Donald Simmons, Carlee Simmons, Crestmark Mortgage Company, Ltd., and Cornerstone Home Lending, Inc., seeking judicial foreclosure of tax liens. The Dwyers filed a third-party claim against J.K. Hatcher Custom Homes, Inc., their seller, for breach of warranty. J.K. filed a counterclaim against Ovation for declaratory judgment. J.K. subsequently filed a traditional motion for partial summary judgment against Ovation and the Dwyers. On September 6, 2022, the trial court granted the motion. The summary judgment order states the following:

> It is, therefore, ORDERED, ADJUDGED, and DECREED that J.K. Hatcher Custom Homes, Inc. is hereby awarded declaratory judgment that FGMS Holdings, LLC, Ovation's principal, lacks entitlement to foreclose the Tax Deed of Trust, executed by Jerri Lynn Bowen in favor of JPMJ Financial, LLC to secure a loan for payment of ad valorem taxes in the amount of $12,281.10, which was recorded in the Smith County Deed Records on May 17, 2013, under Clerk's Instrument No. 2013-22976.

> It is further ORDERED, ADJUDGED, and DECREED that J.K. Hatcher Custom Homes, Inc. is hereby awarded declaratory judgment that the Tax Deed of Trust was extinguished when it merged into Capital One's fee simple title to the Property.

The trial court dismissed with prejudice Ovation's claim for judicial foreclosure and the Dwyers' breach of warranty claim against J.K. On October 4, the trial court signed an order granting a severance of Ovation's lien claims into a separate cause. That order states:

> …upon being filed in the severed cause, the Order Granting J.K. Hatcher Custom Homes, Inc.'s Motion for Partial Summary Judgment Against Ovation Services, LLC and Ryan and Douglas Dwyer shall be considered a final judgment for all purposes.

On January 9, 2023, the trial court signed an order granting the Dwyers' notice of nonsuit as to J.K. On February 13, Ovation filed a motion for new trial regarding the partial summary judgment in J.K.'s favor, which the trial court denied on March 10. Ovation filed a notice of appeal on April 10 to challenge the summary judgment order.

On April 13, this Court notified Ovation that the information received in this appeal does not show the jurisdiction of this Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. We informed Ovation that the appeal would be dismissed unless the information was amended on or before April 24 to show this Court's jurisdiction. Ovation filed an amended notice of appeal, explaining that: (1) the summary judgment order was rendered on September 6, 2022, (2) the order became final on January 10, 2023 when the trial court granted the Dwyers' notice of nonsuit as to J.K., (3) the trial court denied the motion for new trial on March 10, and (4) Ovation timely appealed on April 10.

The Dwyers, the Simmonses, and J.K. filed a motion to dismiss with this Court. They argue that this appeal is untimely on grounds that the "September 6, 2022 judgment became a final judgment on October 17, 2022 [the day the Smith County District Clerk created the file for the severed case] because, once severed, it disposed of all claims and causes of action between the parties to the new action." In response, Ovation again takes the position that the summary judgment order did not become final until January 10, 2023, and that it timely filed a motion for new trial on February 13.

However, even assuming that Ovation is correct that the summary judgment order did not become final until January, the appeal remains untimely. Although the order granting non-suit was *filed* on January 10, it was *signed* on January 9. Under appellate Rule 26.1, the notice of appeal must be filed within "30 days after the judgment is *signed*," or in this case, February 8. TEX. R. APP. P. 26.1 (emphasis added). The notice of appeal must be filed within ninety days "after the judgment is *signed*" if any party *timely files* a motion for new trial. TEX. R. APP. P.

2

26.1(a)(1) (emphasis added). To be timely, Ovation's motion for new trial was due by February 8. *See* Tex. R. App. P. 329b(a) (motion for new trial must be filed "prior to or within *thirty days* after the judgment or other order complained of is *signed*") (emphasis added). Because Ovation filed a motion for new trial on February 13, it was untimely and did not extend the appellate deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(a)(1); *see **Wainright v. Delouche**,* No. 12-21-00198-CV, 2021 WL 5365577, at *1 (Tex. App.—Tyler Nov. 17, 2021, no pet.) (per curiam) (mem. op.); ***Hartley v. Esquire Deposition***, No. 01-17-00508-CV, 2018 WL 1720670, at *1 (Tex. App.—Houston [1st Dist.] Apr. 10, 2018, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction because motion to reconsider was filed thirty-five days after judgment was signed); ***Gilani v. Kaempfe***, 331 S.W.3d 879 (Tex. App.—Dallas 2011, no pet.) (dismissing appeal for want of jurisdiction because motion for new trial filed one day late failed to extend appellate timetable). And an "order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period." ***Moritz v. Preiss***, 121 S.W.3d 715, 720 (Tex. 2003); *see **Williams v. Finn***, No. 01-17-00476-CV, 2018 WL 5071196, at *3 (Tex. App.—Houston [1st Dist.] Oct. 18, 2018, pet. denied) (mem. op. on reh'g) (because agreement was not presented timely as a motion for new trial, purported motion was not overruled by operation of law or otherwise).

Accordingly, Ovation's notice of appeal was due on or before February 8. Tex. R. App. P. 26.1. But the notice of appeal was not filed until April 10, making it untimely. As this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure, we ***dismiss*** the appeal for ***want of jurisdiction***.[1] *See* Tex. R. App. P. 42.3(a). We ***overrule as moot*** Appellees' motion to dismiss.

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] We also note that Ovation's notice of appeal fails to comply with appellate Rule 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* Tex. R. App. P. 9.5 (service); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-23-00098-CV**

**OVATION SERVICES, LLC,**
Appellant
V.
**JERRI LYNN BOWEN, ET AL,**
Appellees

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 17-0887-C & 17-0887-CS)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*