# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-26-00084-CV

---

**Mohammad Reza Assadi, Appellant**

**v.**

**Amir Batoei, Family AB Austin Feb 5, LP; and Lee AB Land, LLC, Appellees**

---

**FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-19-007501, THE HONORABLE JAN SOIFER, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Mohammad Reza Assadi, acting pro se, filed a January 23, 2026 notice of appeal from the trial court's October 27, 2025 final judgment.  In response to our letter questioning jurisdiction over this appeal, Assadi asserts that the filing of his motion for new trial extended his appellate timetable.  *See* Tex. R. App. P. 26.1(a) (providing that certain timely filed postjudgment motions extend time for filing notice of appeal).  For the following reasons, we conclude that Assadi's appeal is untimely, and we will dismiss it for want of jurisdiction.

Motions for new trial are timely if filed within thirty days after the complained-of judgment or order is signed.  Tex. R. Civ. P. 329b(a).  Under this rule, Assadi's deadline for filing his motion for new trial was Wednesday, November 26, 2025.  *See id.*  But both the Automated Certificate of eService and the district clerk's file stamp show that his motion for

new trial was untimely.[1] The motion for new trial was electronically served November 27, 2025, and it was file stamped December 1, 2025.

Assadi's response to our letter questioning jurisdiction does not address either of those dates. Instead, he points to an email notice from the trial court's staff, stating that the judge denied the motion for new trial, as proof of the motion's timeliness.[2] His reliance on that email is misplaced. A trial court's denial of an untimely motion for new trial cannot be the basis for appellate review, even if the trial court acts within its plenary power period. *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). And in a case like this one, the Tyler Court of Appeals concluded that an appellate deadline was not extended and, thus, that it lacked jurisdiction over an appeal in which an appellant's certificate of service showed its motion for new trial was timely served February 16, but the motion itself was file marked February 22. *SignAd, Ltd. v. City of Hudson*, No. 12-21-00056-CV, 2021 WL 4203104, at *2 (Tex. App.—Tyler Sept. 15, 2021, no pet.) (mem. op.) (per curiam). The appellant in that case, like Assadi, offered no evidence that the motion for new trial was filed timely. *Id.*

Because Assadi's motion for new trial was untimely, his notice of appeal was, too. His notice of appeal was due November 26, 2025, thirty days after the final judgment was signed. *See* Tex. R. App. P. 26.1. Any motion for extension of that period was due fifteen days later, December 11, 2025. *See id.* R. 26.3. The time for seeking an extension to file the notice of appeal has expired. *See id.* R. 26.1, 26.3. Once the time for filing a notice of appeal and seeking

---

[1] Notably, Assadi does not cite to the clerk's record for his assertion that the filing of his motion for new trial was timely, although his response includes other citation to the record.

[2] Assadi's response states, "On December 15, 2025, the trial court reviewed and denied the Motion for New Trial, confirming that it was properly before the court."

2

an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Assadi's January 23 notice of appeal from the October 27 judgment was untimely and did not invoke our jurisdiction over this appeal. *See SignAd, Ltd.*, 2021 WL 4203104, at *2; *Coffee v. Coffee*, No. 03-16-00466-CV, 2016 WL 4272122 at *1 (Tex. App.—Austin Aug. 11, 2016, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because appellant's motion for new trial was filed one day late and failed to extend his appellate timetable); *Gilani v. Kaempfe*, 331 S.W.3d 879, 879 (Tex. App.—Dallas 2011, no pet.) (same). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

 

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed: February 27, 2026